UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Seth Bader

    v.                                    Civil No. 02-cv-508-JD

Warden, New Hampshire
State Prison


O R D E R

On June 29, 2005, the court granted summary judgment in favor of the warden on the fifth and last issue Seth Bader raised for review under 28 U.S.C. § 2254.  The court also denied his request for a stay of this proceeding while he litigated a new claim of ineffective assistance of counsel in state court.  Judgment was entered on June 30, 2005.  Bader now moves to amend the judgment, to amend his petition to add the new ineffective assistance of counsel claim, to expand the record, to strike the warden's objection to his motion to expand the record, and for a certificate of appealability.

    For the reasons stated in the order of June 29, 2005, Bader's motion to amend the judgment is denied.  Bader's motion to amend the petition is denied as not in the interests of justice and as futile.  Bader's two motions to expand the record seek to add materials pertinent to the proceedings in his state court habeas proceeding.  Those materials are not pertinent to this case.

In his second motion, Bader also seeks to add a statement of Kory L. Almand, who claims to have been an acquaintance of the state's witness, Joseph Bader, and claims that Joseph boasted of having fatally shot his adoptive mother.  Bader contends that Almand's statement, taken with his evidence that another witness recanted his trial testimony, shows that he is actually innocent.  The court is not convinced that the new evidence warrants reopening this case, absent which, the evidence is not pertinent.

Bader seeks a certificate of appealability on two issues which he states as follows:  "(A) a concealed leniency-for-testimony deal between the state and its witness Joseph, and (b) denial of confrontation of Joseph and denial of effective assistance of trial and appellate counsel through not raising the issue of Joseph's financial interest in convicting the petitioner."  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because only the first issue was raised as part of the § 2254 petition in this court, the merits of the second issue were never considered here.  Therefore, the court will grant a certificate of appealability on the first issue only.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motions to amend judgment, to amend the petition, to expand the record, and to strike the defendant's objection (documents no. 213, 216, 217, 221, and 223) are denied.  The plaintiff's motion for a certificate of appealability (document no. 215) is granted in part as to the first issue stated by the plaintiff as follows: "(A) a concealed leniency-for-testimony deal between the state and its witness Joseph."

SO ORDERED.

                                                                    _____
                                                                    Joseph A. DiClerico, Jr.
                                                                    United States District Judge

September 7, 2005

cc:  B. Michael Cormier, Esquire
     Neals-Erik W. Delker, Esquire
     Peter E. Papps, Esquire